IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**KINDELL COOK,**

05 MAR 28 PM 4:07

Plaintiff,

CLERK-ALBUQUERQUE

vs.                                                  No.

**CHASE MANHATTAN BANK USA, N.A.,
EXPERIAN INFORMATION SOLUTIONS, INC.
TRANS UNION L.L.C. and
EQUIFAX INFORMATION SERVICES, LLC.**

CIV-05- 336   RLP WDS

Defendants.

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### Introduction

1.   When Plaintiff Kindell Cook separated from her husband, she removed him as an authorized user on her credit card account with Chase Manhattan Bank. Her husband then illegally used her Chase credit card. In their final divorce decree, the Court found that her husband had fraudulently used her credit card after their separation, and that the credit card debt owing to Chase was her husband's separate debt.

2.   Chase Manhattan Bank is reporting this credit card debt to Ms. Cook's credit report. Ms. Cook has disputed this debt numerous times with both Chase and with the national credit reporting agencies, Trans Union and Experian, but they continue to report this debt as belonging to her. As a result of reporting inaccurate information, Defendants have damaged her credit worthiness.

3.   Plaintiff seeks damages under the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), and under the New Mexico Unfair Practices Act ("UPA") 1978 § 57-12-1 *et. seq.*

## Jurisdiction

4      This Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p, and under 28 U.S.C. §§1331, 1337. This Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. §1367.

## Parties

5      Plaintiff Kindell Cook ("Ms. Cook") resides in Las Cruces, New Mexico. She is a "consumer" as defined by §1681a(c) of the FCRA.

6.      Defendant Chase Manhattan Bank USA, N.A. ("Chase") is a national bank which provides credit card accounts to consumers throughout the United States, including in New Mexico. Defendant is a "furnisher of information" as contemplated by FCRA, 15, U.S.C. §1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer. Chase is subject to the New Mexico UPA.

7.      Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Experian assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Experian is a national credit reporting agency.

8.      Defendant Trans Union LLC ("Trans Union") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Trans Union assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Trans Union is a national credit reporting agency.

9. Defendant Equifax Information Services, LLC ("Equifax") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Equifax assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Equifax is a national credit reporting agency.

### FACTS RELATING TO CHASE

10. In September, 1987, Ms. Cook opened a credit card account with Chase. She added Richard Walkup, her husband, to the account in the mid-1990s.

11. In April, 2001, Ms. Cook notified Chase that she was removing Mr. Walkup as an authorized user on the account. Chase acknowledged the removal of Mr. Walkup in a letter dated April 16, 2001.

12. Ms. Cook paid off the Chase credit card account in full in June, 2002.

13. Ms. Cook advised Chase of a change of address on July 15, 2002.

14. On November 4, 2002, Chase sent a letter to Ms. Cook at her new address, telling her that the account was delinquent, even though she had not charged anything to the account after paying it off in June. This was the first time Ms. Cook was made aware of any charges to her Chase account since making the change of address.

15. On November 11, 2002, Ms. Cook sent a letter to Chase disputing the unauthorized charges.

16. Despite her dispute, Chase continued to demand payment from Ms. Cook, for unauthorized charges of nearly $10,000.00.

17. Ms. Cook has disputed this debt with Chase numerous times, including by telephone and in letters dated, December 19, 2002, and March 7, March 25, April 1, and April 14, 2003.

18. On June 17, 2004, Ms. Cook, through her attorney, again disputed the debt with Chase enclosing a copy of her divorce decree showing the Court adjudicated the Chase debt as the separate debt of Mr. Walkup.

19. In addition to receiving letters disputing this debt from Ms. Cook, upon information and belief, Defendants Trans Union and Experian notified Chase of Ms. Cook's dispute, pursuant to 15 U.S.C. §1681i(a)(2).

20. Chase failed to investigate the disputed debt and failed to review all relevant information provided by both Ms. Cook, and by the consumer reporting agencies regarding Ms. Cook's dispute, in violation of 15 U.S.C. §1681s-2(b).

21. In the alternative, if Chase did investigate this dispute, then Chase has failed to report to all credit reporting agencies that the information about this debt is inaccurate, in violation of 15 U.S.C. 1681s-2(b).

22. Chase also failed to note that Ms. Cook disputed this debt, in reports it made concerning the account after it had received notice of Ms. Cook's dispute.

## FACTS RELATING TO THE CREDIT REPORTING BUREAUS

23. Ms. Cook sent letters to Trans Union, Experian and Equifax on April 1, 2003, disputing the trade line being reported by Chase. She requested a reinvestigation of this account.

24. On May 3, 2003 Experian responded that the debt had been verified with Chase.

25. On May 9, 2003, Trans Union responded that it had verified the debt with Chase.

26. On May 14, 2003, Equifax replied to Ms. Cook that its investigation was complete and continued to report the Chase debt as belonging to her.

27. On June 17, 2004 Ms. Cook, through her attorney, sent letters to Trans Union, Experian and Equifax disputing the trade line being reported by Chase. Ms. Cook enclosed with

4

this dispute letter a copy of her divorce decree, in which the Court held that the Chase debt was the separate debt of Ms. Cook's ex-husband, Mr. Walkup.

28. On June 28, 2004 Experian responded that the trade line had previously been reinvestigated. Its response included a statement that a divorce decree may not affect a contract with creditors and referring Ms. Cook to Credit Crossroads for information on how divorce affects your credit.

29. On July 13, 2004 Trans Union responded that their reinvestigation was complete and that Chase had verified the debt as belonging to her.

30. Equifax did not respond to the dispute letter sent on June 17, 2004.

31. In September, 2004, Ms. Cook sent a dispute letter to Equifax via certified mail, return receipt requested. Again, she enclosed a copy of the divorce decree.

32. On October 6, 2004, Equifax replied that it was no longer reporting the Chase account on Ms. Cook's report, but it did not provide her with a copy of her credit report to verify this claim.

33. Ms. Cook sent letters to Trans Union, Experian and Equifax on January 3, 2005 asking that they reinvestigate the trade line being reported by Chase. In addition, Ms. Cook disputed a trade line being reported by Equifax for a tax lien. She enclosed proof that the tax lien had been paid.

34. On January 10, 2005 Experian responded that the Chase account was previously investigated and it would continue to report the Chase account. Included in the response was the same information provided previously regarding a divorce decree's affect on a contract with creditors.

35. On January 24, 2005 Trans Union responded that their investigation was complete. It continues to report the Chase account as belonging to her.

5

36. Equifax failed to respond to the dispute letter dated January 3, 2005. Upon information and belief, it is the regular practice of Equifax to fail to reinvestigate consumer disputes after receiving such disputes.

37. Trans Union, Experian and Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information contained on Ms. Cook's credit report.

38. Trans Union, Experian and Equifax failed to conduct a genuine and reasonable reinvestigation in response to Ms. Cook's repeated disputes concerning the inaccurate account.

39. Trans Union, Experian and Equifax failed to review all relevant information provided by both Ms. Cook

40. Trans Union, Experian and Equifax persisted in reporting information that it knew or should have known to be inaccurate and damaging.

41. As a result of Defendants' actions, Ms. Cook has suffered actual damages, including but not limited to damage to her credit rating, denial of credit, out-of-pocket expenses, aggravation, inconvenience, and humiliation.

### First Claim for Relief: Violations of the FCRA by Chase

42. The actions of Chase were willful or, in the alternative, negligent, violations of the FCRA, including but not limited to, 15 U.S.C. §1681s-2.

43. Plaintiff is entitled to actual damages, punitive damages, costs and reasonable attorney's fees.

### Second Claim for Relief: Chase's Violations of the Unfair Practices Act

44. The foregoing actions of Defendant Chase constitute unfair or deceptive trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §57-12-2D.

45. Defendant willfully engaged in these unlawful trade practices.

### Third Claim for Relief: Violations of the FCRA by Trans Union, Equifax and Experian

46.     The actions of Defendants Trans Union, Experian and Equifax were willful, or, in the alternative, negligent violations of the FCRA, including but not limited to 15 U.S.C. §§ 1681e and 1681i.

47.     Plaintiff is entitled to actual damages, punitive damages, costs and reasonable attorney's fees.

### Jury Demand

48.     Plaintiff hereby demands trial by six-person jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Award actual damages and punitive damages for Defendants' violations of the FCRA;

B.      Award statutory or actual damages, trebled, for Defendant Chase's violations of the UPA;

C.      Award reasonable attorney's fees and costs;

D.      Award any further relief this Court deems just.

Respectfully submitted,

FEFERMAN & WARREN

*Susan Warren*
SUSAN WARREN
300 Central Ave., SW, Suite 2000 East
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663 (fax)

and

KYLE W. GESSWEIN
P O Box 367
Las Cruces, NM 88004
(505) 525-8400

Attorneys for Plaintiff